Filed 1/15/21  P. v. Gomez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | C091747 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF 19-3474) |
| v. | |
| ROBERT CURTIS GOMEZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Robert Curtis Gomez filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124-125.)

FACTUAL AND PROCEDURAL BACKGROUND

Defendant placed his hand on the minor victim's bare vagina.  Defendant was charged with one count of committing a lewd or lascivious act on a child under the age of

1

14 in violation of Penal Code section 288, subdivision (a).[1]  The amended information alleged three enhancements:  a prior conviction under section 288, subdivision (a), and within the meaning of section 667.61, subdivision (d)(1); three prior "strikes" as described in section 667, subdivision (d); and a prior serious felony conviction within the meaning of section 667, subdivision (a)(1).  Pursuant to a negotiated plea agreement, defendant pleaded no contest to the charged offense and admitted that he had incurred a prior strike on August 18, 1995, which doubled his sentence under section 667, subdivision (e)(1), and which further enhanced his sentence as a habitual criminal under section 667, subdivision (a)(1).  The plea agreement provided for an aggregate term of 21 years.  In exchange for defendant's no contest plea, the remaining enhancement allegations were dismissed.

At a hearing on March 5, 2020, defendant argued that his attorney had not adequately advised him before entry of the plea and asked the court to impose a sentence other than that specified in the plea agreement.  The court held a confidential hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, after which it declined to appoint new counsel for the purpose of filing a motion to withdraw the plea.

The trial court sentenced defendant to the stipulated term of 21 years in state prison on count 1.  It also ordered defendant to pay a criminal conviction assessment of $30 (Gov. Code, § 70373), a court operations assessment of $40 (§ 1465.8), and a restitution fine of $300 (§ 1202.4, subd. (b)), with an additional $300 parole revocation restitution fine, which was stayed pending successful completion of parole (§ 1202.45).  The court awarded custody credits in the amount of 290 days (253 actual and 37 conduct).

Defendant filed a timely notice of appeal but did not obtain a certificate of probable cause.

---

[1]     Undesignated statutory references are to the Penal Code.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

              KRAUSE        , J.


We concur:


     ROBIE       , Acting P. J.


     HOCH       , J.